UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD LAWRENCE,

               Petitioner,

      -vs-

LEO PAYANT, Superintendent,

               Respondent
_____

**No. 05-CV-6064(VEB)**
**DECISION AND ORDER**

## I. Background

Petitioner *pro se* Richard Lawrence ("Lawrence" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] challenging the judgment convicting him, following a jury trial in New York State Supreme Court (Monroe County), on charges of attempted first degree rape (one count), first degree sodomy (two counts), first degree sexual abuse (one count), and endangering the welfare of a child (one count). Petitioner faced a possible maximum sentence of 50 years if the court chose to issue consecutive sentences or 35 years if the court issued concurrent sentences. On February 2, 1999, prior to sentencing, the trial court offered petitioner a 10-year determinate sentence in exchange for his waiver of his right to appeal. On February 4, 1999, with the advice of trial counsel, accepted the offer. Following a colloquy in which the trial court assured that Lawrence was knowingly and voluntarily waiving his right to appeal, Lawrence signed the appellate rights waiver in open court. Trial counsel and the judge also signed the waiver form.

---

[1] The parties have consented to final disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

Subsequently, Lawrence's assigned appellate counsel filed a so-called *Crawford*[2] brief, asking to be relieved of his representation because there were no colorable issues surviving petitioner's valid waiver of his appellate rights. Appellate counsel's motion was granted, and Lawrence was not permitted to appeal. *People v. Lawrence*, 283 A.D.2d 1030, 729 N.Y.S.2d 921, 921 (N.Y. App. Div. 4th Dept. 2001) ("Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted[.]") (citing *People v. Crawford*, 71 A.D.2d at 38-39). The New York State Court of Appeals dismissed his application for leave to appeal. Lawrence's application for a writ of error *coram nobis* attacking appellate counsel's performance was summarily denied by the Appellate Division. Lawrence also filed a motion to vacate the judgment in the trial court, claiming that he was deprived his Sixth Amendment right to the effective assistance of trial counsel and that his appellate rights waiver was neither knowing nor

---

[2] In *People v. Crawford*, 71 A.D.2d 38, 421 N.Y.S.2d 485 (N.Y. App. Div. 4th Dept. 1979), the Appellate Division explained the proper procedure for handling criminal appeals which assigned counsel decides are "wholly frivolous." *Id.* at 38 (quotation omitted). The Appellate Division noted that it had been following the guidelines set forth by the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 744-45 (1967), and was satisfied that indigent defendants' interests were "generally protected by that procedure[.]" *Id.* at 38-39. The Appellate Division then reiterated the rules to be followed in cases of potentially frivolous appeals:

> Upon assignment, counsel should communicate promptly with his client and with trial counsel, if appellant counsel did not appear at the trial. If, after conferring with them and after making a conscientious review of the record, counsel determines that the appeal is frivolous, he may so advise the court and file a motion to be relieved of his assignment. The motion must be accompanied by a brief, however, in which counsel states all points which may arguably provide a basis for appeal, with references to the record and citation of applicable legal authorities. A copy of the brief must be supplied to defendant early enough before the submission of the appeal to permit him to study it and raise such additional points pro se as he may choose.
>
> The court will then review the appeal. If it finds it to be frivolous, it will affirm the judgment and grant counsel's motion to withdraw. If the court finds merit, substitute counsel will be appointed on behalf of the defendant prior to decision, or if an immediate decision appears justified or necessary, the court will decide the appeal on the record and briefs before it. The procedure serves the purposes of assuring conscientious review of the case by counsel, avoiding subsequent claims of ineffective assistance of counsel and aiding the court in its review.

*People v. Crawford*, 71 A.D.2d at 39.

voluntary. The trial court denied relief. The Appellate Division denied leave to appeal.

This habeas petition followed in which Lawrence has raised (1) a Fourth Amendment challenge to his arrest; (2) a claim of ineffective assistance of trial counsel and (3) a claim of ineffective assistance of appellate counsel. Respondent answered the petition, arguing that Lawrence's state-court waiver of appellate rights precluded federal habeas review of any of his claims. In any event, respondent argued, the Fourth Amendment claim was not cognizable and the claims pertaining to Petitioner's attorneys were utterly without merit. Petitioner filed a reply to respondent's answer generally reiterating his assertion that he was entitled to habeas relief and that his criminal proceeding was rife with unfairness.

During the pendency of this habeas petition, Lawrence was released unconditionally from state custody on June 30, 2008, having reached the maximum expiration date of his sentence. However, Lawrence has never updated the Court with his new address, in violation of the Western District of New York's Local Rules of Civil Procedure. Specifically, Local Rule 5.2(d) requires that a party, such as Lawrence, who is proceeding *pro se*, "must furnish the Court with a current address at which papers may be served. . . . In addition, the Court must have a current address [of the *pro se* litigant] at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Western District of New York Local Rule of Civil Procedure 5.2(d).

For the reasons that follow, the instant habeas petition is dismissed. None of Lawrence's claims warrant habeas relief under any standard of review and, moreover, he has failed to prosecute this action.

**II.     Discussion**

### A. Merits of the Petition

As noted above, Lawrence has alleged that his arrest lacked probable cause to support it, in violation of his Fourth Amendment rights, and that his Sixth Amendment right to effective assistance of counsel at trial and on appeal was abridged.

Respondent correctly argues that under the United States Supreme Court's holding in *Stone v. Powell*, 48 U.S. 465, 481 (1976), habeas relief is unavailable to Petitioner because he was afforded a "full and fair *opportunity*" to litigate his Fourth Amendment claims in state court. *See Capellan v. Riley*, 975 F.2d 67, 69-70 (2d Cir. 1992); *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002) ("[O]nce it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief. . . . [T]he bar to federal habeas review of Fourth Amendment claims is permanent and incurable absent a showing that the state failed to provide a full and fair opportunity to litigate the claim[.]"). Indeed, Petitioner's trial counsel took advantage of this opportunity, litigating his client's Fourth Amendment claims at a two-day probable cause hearing. *See* Hearing Transcripts dated October 29, 1998, and November 13, 1998. *See also* Respondent's Memorandum of Law at 1-2 (Docket No. 5-2).

As to his ineffective assistance of trial counsel, Lawrence makes only conclusory, self-serving, and unsubstantiated claims–e.g., that counsel provided "merely perfunctory" representation, failed to attack the legality of his arrest, and manipulated him into waiving his right to appeal. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a criminal defendant must show that his counsel's performance was objectively unreasonable and that he was prejudiced by

that representation. *Id.* at 688, 691, 694. I agree with respondent that Lawrence's claims are wholly without merit as he has not come close to demonstrating that trial counsel performed in a substandard fashion or that there is any reasonable probability that he would have had a more favorable outcome of his case, but for counsel's performance. In particular, I note that trial counsel succeeded in getting several of the indicted charges dismissed before they were presented to the jury. Most important, trial counsel secured an extremely favorable sentence of 10 years determinate for Lawrence, who, given the nature and number of the convictions, faced a possible maximum sentence of 50 years. Petitioner, at sentencing, confirmed that he was satisfied with counsel's performance, and the trial judge commented, " I have to tell you, he [defense counsel] did a remarkable job." Transcript dated February 4, 1999, at pp. 4-5, 7.

Turning to Lawrence's claim that appellate counsel was ineffective, I find that it, too, is wholly lacking in merit. A claim regarding appellate counsel's alleged ineffectiveness is evaluated under the *Strickland* standard. *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.), *cert. denied*, 513 U.S. 820 (1994) (citation omitted). As respondent argues, appellate counsel cannot be found to have been deficient for having filed a *Crawford* brief explaining that there were no non-frivolous issues to be raised on appeal in this case, where Lawrence had knowingly and voluntarily waived *all* of his appellate rights (i.e., the right to appeal the judgment of conviction, to seek hearings, and to litigate further all other issues raised during the course of his criminal proceeding). In her motion to be relieved from representing Petitioner on appeal and in her *Crawford* brief, appellate counsel explained that she had reviewed the record, including petitioner's voluntary confession, for any issues which might have survived the waiver, including his state speedy-trial rights, the legality of his sentence, his competency, and jurisdictional issues.

However, appellate counsel attested, no issues survived the appellate-rights waiver. Thus, appellate counsel was reasonable in filing a *Crawford* brief. Furthermore, Lawrence's claim that appellate counsel's gender factored into her alleged inability to represent him, a defendant convicted of sexual crimes against a child, is spurious and requires no further discussion.

B.     **Failure to Prosecute**

Federal courts are vested with the authority of to dismiss a plaintiff's action with prejudice because of his failure to prosecute; this power, which is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" has a long history at common law and "has been expressly recognized in Federal Rule of Civil Procedure 41(b)[.]" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Rule 41(b) provides, in pertinent part as follows:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

Fed. R. Civ. Proc. 41(b); *accord Link*, 372 U.S. at 620. The Supreme Court explained in *Link* that [t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 372 U.S. at 630-31.

As a matter of this District's Local Rules, both attorneys and *pro se* litigants have an obligation to immediately notify the Court and opposing parties of any change in their address or

contact information. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant. . . . . In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. *Failure to do so may result in dismissal of the case with prejudice.*" Local Rule of Civil Procedure 5.2(d) (emphasis supplied).

Lawrence has failed keep the Court informed as to his current address at which papers may be served, and has failed to comply with Local Rule 5.2(d). Although Lawrence is a *pro se* petitioner and should be afforded greater leeway in regard to his compliance with the Court's procedural rules, *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), his failure to comply with rule regarding updating his address "is no small matter." *Jackson v. Rabideau*, No. 9:04-CV-1096(LEK/GHL), 2007 WL 911846, at *2 (N.D.N.Y. Mar. 22, 2007) (citing *Dansby v. Albany County Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, D.J.) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications that communications between the clerk and the parties . . . will be conducted principally by mail.") (citations and quotation omitted in original)); *see also Michaud v. Williams*, No. 98CV1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999).

The Second Circuit has instructed a district court contemplating dismissing a plaintiff's case under Rule 41(b), for failure to prosecute to consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge

has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d at 209.

This Court has evaluated the factors as set forth by the Second Circuit in *LeSane* and finds that dismissal is warranted. Lawrence has known for years that, pursuant to Local Rule 5.2(d), he *must* promptly update his address whenever it changed, or risk having the action dismissed by this Court. As a *pro se* litigant, Lawrence received a packet of information from the District Court Clerk advising him about the requirements of all of the Local Rules, including Local Rule 5.2(d). The Court notes that Lawrence's inaction and failure to update his address have spanned almost two years. Lawrence, upon being unconditionally released from prison in 2008, never contacted the Court to provide an updated address; the only address the Court has on file is Mohawk Correctional Facility, from which he was discharged.

In addition to apparently lacking an interest in pursuing the lawsuit he instituted, Lawrence has failed to comply with this Court's Order and Local Rule 5.2(d) thereby frustrating the Court's ability to correspond with him. Under the circumstances here, the Court finds it would be futile to make any further attempts to contact Lawrence and that dismissal of his petition for non-compliance with the Court's orders and Local Rules of Civil Procedure. *See Jackson*, 2007 WL 911846, at*2 (dismissing habeas petition *sua sponte* based on petitioner's failure to update address according to district's local rule of civil procedure and previous court order) (citing *Bottom v. Cooper*, No. 03-CV-6493L, 2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005)).

## III. Conclusion

For all of the foregoing reasons, the request for a writ of habeas corpus filed by petitioner Richard Lawrence is **DENIED** and the petition is **DISMISSED**. Because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), the Court declines to issue a Certificate of Appealability with respect to any of Petitioner's claims.

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: April 19 , 2010
       Rochester, New York